IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:12-CR-175-(16) |
| | ) | |
| v. | ) | Sentencing |
| | ) | |
| WALTER HENRY JOHNSON | ) | January 15, 2013 |


**BEFORE THE HONORABLE REED C. O'CONNOR**
*United States District Judge*
*In Wichita Falls, Texas*


**FOR THE GOVERNMENT:**     **MR. BRANDON N. MCCARTHY**
US Attorney's Office
1100 Commerce St
3rd Floor
Dallas, TX 75242
(214) 659-8667
Fax: 214/767-4100
brandon.mccarthy@usdoj.gov


**FOR THE DEFENDANT:**     **MR. ROBERT O. RAFUSE**
Rafuse & Bianchi
Energy Center
710 Lamar
Suite 440
Wichita Falls, TX 76301
940/763-8080
Fax: 940/763-8070 FAX
rafuselawfirm@aol.com


**COURT REPORTER:**     **MR. DENVER B. RODEN, RMR**
*United States Court Reporter*
1050 Lake Carolyn Pkwy #2338
Irving, Texas  75039
*drodenrmr@sbcglobal.net*
Phone:  (214) 753-2298


    The above styled and numbered cause was reported by
computerized stenography and produced by computer.

1          (January 15, 2013.  Wichita Falls, Texas.)

2          **THE COURT:**  Okay.  I call case number 3:12-cr-175,

3    the United States versus Walter Henry Johnson.

4          **MR. McCARTHY:**  Brandon McCarthy for the Government,

5    Your Honor.

6          **THE COURT:**  Mr. McCarthy.

7          **MR. RAFUSE:**  Robert Rafuse for the defendant.

8          **THE COURT:**  Thank you, Mr. Rafuse.  If you and your

9    client would, please, come to the podium.

10         Mr. Johnson, would you, please, acknowledge your

11   presence in court for the record by stating your full name.

12         **THE DEFENDANT:**  Walter Henry Johnson, III.

13         **THE COURT:**  Thank you, sir.  You appeared before

14   Magistrate Judge Roach on August 22, 2012, and pleaded guilty

15   to count one of the one count indictment which charged you

16   with a violation of 21 U.S.C. § 846, conspiracy to distribute

17   a controlled substance.

18         On that date he found that your plea of guilty was a

19   knowing and voluntary plea supported by an independent basis

20   in fact containing each of the essential elements of this

21   offense.  You told him at that time that you understood the

22   accuracy -- I'm sorry -- You told him at that time you

23   understood the elements of the Factual Resume, you agreed to

24   the accuracy of the Factual Resume, and admitted that you

25   committed all of the essential elements of this offense.  He

1    recommended that I find you guilty and I accepted that

2    recommendation.  Your plea of guilty was taken pursuant to a

3    plea agreement and I've reviewed the plea agreement and the

4    charge to which you've pled guilty and I've determined that

5    the charge adequately reflects the seriousness of your actual

6    offense behavior.  Therefore, your plea agreement is accepted.

7            Mr. Rafuse, did you and your client receive in a

8    timely manner a copy of the Presentence Investigation Report?

9            **MR. RAFUSE:**  Yes, Your Honor.

10           **THE COURT:**  And did you carefully review that

11   document with your client?

12           **MR. RAFUSE:**  Yes, Your Honor.

13           **THE COURT:**  Did you also receive a copy of the

14   Addendum to the Presentence Report?

15           **MR. RAFUSE:**  Yes.

16           **THE COURT:**  Did the Government receive this document

17   timely?

18           **MR. McCARTHY:**  Yes, Your Honor.

19           **THE COURT:**  Now, there's no 5K filed in this --

20           **MR. McCARTHY:**  That's correct, Your Honor.

21           **THE COURT:**  And why is that?

22           **MR. McCARTHY:**  There was -- it was offered and

23   rejected, Your Honor.

24           **THE COURT:**  You offered it?

25           **MR. McCARTHY:**  Yes.

```
 1              THE COURT:  And it was rejected?

 2              MR. McCARTHY:  Yes.

 3              THE COURT:  Is that true, Mr. Rafuse?

 4              MR. RAFUSE:  That's correct, Your Honor.

 5              THE COURT:  And do you -- did you spend time with

 6    your client and did you inform your client about the offer

 7    from the Government?

 8              MR. RAFUSE:  Yes, Your Honor.

 9              THE COURT:  And did you explain to your client the

10    benefits of the Government's offer?

11              MR. RAFUSE:  Yes, Your Honor.

12              THE COURT:  So, does your client understand that by

13    rejecting the Government's offer he will receive substantially

14    more prison time than he otherwise would receive.  Did you go

15    over that with him?

16              MR. RAFUSE:  Yes, sir.

17              THE COURT:  And do you feel confident that you

18    explained to him the consequences, the negative consequences,

19    of his rejection of the Government's offer?

20              MR. RAFUSE:  Yes, Your Honor.  In addition to that,

21    he has seen some of the sentences that have come down for some

22    of the codefendants.  He is well aware of the benefits had he

23    accepted the State's offer -- the Government's offer.  He

24    still has decided not to accept that offer.

25              THE COURT:  Mr. Johnson, is that true, sir?
```

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And so you understand that by rejecting

3     the Government's offer you will receive substantially more

4     prison time than you otherwise would have received.

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  That is, you will be locked up in prison

7     away from your family and friends for several years longer

8     than you otherwise would have.

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  And is that the way you wish to proceed?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you wish to spend any more time

13    talking to Mr. Rafuse about this decision?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  Do you feel as if Mr. Rafuse has candidly

16    and honestly answered any and all questions you had as it

17    relates to this decision?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Okay.  Very good.  Then are there any

20    objections, Mr. Rafuse, that you believe we should take up

21    that affects your client's sentencing in this case?

22         MR. RAFUSE:  None that affects sentencing, Your

23    Honor.  I filed a statement in response to the Presentence

24    Report making some corrections on typographical errors and

25    factual errors.

1          THE COURT:  Okay.

2          MR. RAFUSE:  And the Addendum has basically accepted

3     all of those statements except for one regarding the

4     biological child issue.

5          THE COURT:  Very good.  I will not consider any of

6     the remaining disputed matters in determining the appropriate

7     sentence in this case.

8          I adopt the fact findings contained in the

9     Presentence Report as clarified by the Addendum and as

10    mentioned by Mr. Rafuse in his statement.

11         I'll adopt the Probation Officer's conclusions as set

12    forth in the Presentence Report as to the appropriate

13    Guideline calculations and determine that they are as follows:

14         A total offense level of 26.  A Criminal History

15    Category of III.  A Guideline provision of 120 months.  A

16    supervised release range of between 5 years and life.  A fine

17    range of between $12,500 and $10 million dollars.  And a

18    special assessment of $100.

19         Does the Government wish to be heard on sentencing?

20         MR. McCARTHY:  No, Your Honor.

21         THE COURT:  Mr. Rafuse, I'll turn the floor over to

22    you, sir.

23         MR. RAFUSE:  All right.  Your Honor, the defendant

24    would call Sandra Davis to the stand.

25         THE COURT:  Please come up, ma'am.  Mr. Johnson, if

1    you would have a seat, please, sir.

2            Would you raise your hand to be sworn, please.

3        (Witness sworn by the clerk at this time.)

4            **SANDRA DAVIS, DEFENSE WITNESS,** was sworn

5                    **DIRECT EXAMINATION**

6    **BY MR. RAFUSE:**

7    Q.  State your name.

8    A.  Sandra Davis.

9    Q.  And are you related to the defendant in this case, Walter

10   Johnson?

11   A.  Yes, I am.

12   Q.  How are you related?

13   A.  I'm his aunt.

14   Q.  You have an opportunity to give a statement to the Court.

15   You may begin now.

16   A.  I just want to say that Walter is really a good person

17   and, yes, he did make a mistake, but I feel that he shouldn't

18   have to be gone that long away from his family.  He has

19   children and I just don't feel that -- if he's -- he's a very

20   good person.  Yes, he's a very good person and he needs to be

21   home with his family.

22           **MR. RAFUSE:**  All right.  That's all I have.  Pass the

23   witness.

24           **THE COURT:**  Thank you.

25           **MR. McCARTHY:**  No questions, Your Honor.

1      THE COURT:  Okay, ma'am.  Thank you.  Mr. Rafuse.

2      MR. RAFUSE:  The defendant calls Cheryl Davis.

3      THE COURT:  Would you raise your hand to be sworn,

4  please, ma'am.

5      (Witness sworn by clerk.)

6      **CHERYL DAVIS, DEFENSE WITNESS,** was sworn

7                    **DIRECT EXAMINATION**

8  BY MR. RAFUSE:

9  Q.  State your name.

10  A.  Cheryl Davis.

11  Q.  You're related to the defendant, Walter Johnson?

12  A.  Yes, I am.

13  Q.  In what manner?

14  A.  I'm his mother.

15  Q.  You have an opportunity to give a statement to the Court.

16  You may begin now, ma'am.

17  A.  Judge, I know my son has made mistakes, but my son is a

18  good child and I pray, Lord, that you would be lenient with my

19  child.  He has children.  He has a sick father.  And I need --

20  we need him home.  We are a praying family and we believe in

21  God and my faith is in God and I know that God overrules

22  everything and I just pray that you would give my child a

23  second chance, even though he's made mistakes.  He's a good

24  person and that I know that he has learned from his mistake,

25  but everybody's not perfect, so I'm praying that you would be

1    lenient with my child, please.

2         THE COURT:  Have you talked to your son about

3    rejecting the Government's offer and that --

4         THE WITNESS:  I don't think he understands the -- I

5    mean, he's -- as I've been visiting him over the six months,

6    he's not understanding the system.  He is not understanding

7    about his time.

8         THE COURT:  Well, he just told me --

9         THE WITNESS:  I mean, he's confused --

10        THE COURT:  Hold on.  He just told me he did.  I told

11   him that by rejecting the Government's offer he will receive

12   substantially more prison time than he otherwise would receive

13   and I asked him if he understood that and he said he did.  So,

14   why are you saying that he does not understand it?

15        THE WITNESS:  Because in my visits with him.  I mean,

16   he's -- he's confused on the -- like on the paper said 6 to 8

17   and then he was saying that his lawyer was telling him to sign

18   for 10 and I was saying, well, I will call Robert and -- his

19   lawyer's attorney and I will ask him, well, why is it that his

20   paper is saying the Guidelines are from 6 to 8 years but then

21   you all wanted him to sign for 10.  I mean, you know, a -- he

22   was -- Excuse me -- he was stating to me that he could --

23        THE COURT:  Who was stating?

24        THE WITNESS:  Mr. Roberts, his attorney.  That if he

25   would sign -- I mean if we would sign -- if we would sign for

```
 1   10 he would receive no more than 10.
 2           THE COURT:  The law says he faces a mandatory minimum
 3   sentence of 10 years.
 4           THE WITNESS:  Yes, sir.
 5           THE COURT:  But the Government has offered him a way
 6   to get less than 10 years, somewhere around the Guideline
 7   range, thereabouts.
 8           THE WITNESS:  Yes, sir.
 9           THE COURT:  And Mr. Johnson says he doesn't want to
10   take the Government's offer.  That's what he just told us.
11   And it's not that complicated.
12           THE WITNESS:  I don't --
13           THE COURT:  It's not that complicated at all, really.
14   So, I'm not sure I understand what the confusion is.  The law
15   is -- the law is -- for this crime the law says that anyone
16   convicted of this crime gets a mandatory minimum of 10 years,
17   not one day less than 10 years, and it could go higher but not
18   in this case.  But 10 years.  And then Mr. Rafuse and the
19   Government have talked and they've reached an agreement
20   whereby they'll -- if your son would agree -- they'll provide
21   him an opportunity to get less than 10 years and he's
22   rejecting that.  So, do you understand what I'm saying?
23           THE WITNESS:  Yes, but --
24           THE COURT:  I'll ask him again.
25           THE WITNESS:  Thank you.
```

1          THE COURT:  Okay.  Thank you, ma'am.

2          MR. RAFUSE:  The defendant would like to give a

3     statement to the Court.

4          THE COURT:  Okay.  Come on up, Mr. Johnson.

5     Mr. Johnson, are you confused?

6          THE DEFENDANT:  A little bit.

7          THE COURT:  Tell me what you're confused by.  I just

8     told your mom that the law says that -- and you were told this

9     at your arraignment -- that the punishment for this particular

10    crime is a mandatory minimum of 10 years, 120 months in

11    prison.  That's what the law says.  Not one day less than 120

12    months.

13         Now, Mr. McCarthy told me a moment ago and Mr. Rafuse

14    confirmed this, that Mr. McCarthy had offered you an

15    opportunity to get less than that.  He doesn't have to, but he

16    has offered you've an opportunity to do that.  You told me you

17    talked to Mr. Rafuse about that and you told me that you told

18    Mr. Rafuse that you did not want to do that.  So, you tell me

19    what you're confused about.

20         THE DEFENDANT:  I don't know what the offer is

21    really -- what the offer really is.  I don't know what that

22    is.

23         THE COURT:  Well, the offer is for you to sit down

24    and cooperate with the Government.  That's the offer.  Did

25    Mr. Rafuse not tell you that, that you had to talk to the

1    Government and provide information to the Government?  Did he

2    not tell you that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Yes what?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  No, yes did he tell you that or yes he

7    didn't tell you that?

8              THE DEFENDANT:  Yes, he did, sir.

9              THE COURT:  Well, what do you not understand?

10             THE DEFENDANT:  This is my first time in trouble like

11   this so I really just -- you know, I'm confused about it.

12             THE COURT:  All right.  Well, do you need more time

13   to talk to Mr. Rafuse or do you want to go forward?

14             THE DEFENDANT:  I want to go forward.

15             THE COURT:  Okay.  So, you don't want to find -- you

16   don't want to clear up your confusion?

17             THE DEFENDANT:  No.

18             THE COURT:  Why do you not want to clear up your

19   confusion?

20             THE WITNESS CHERYL DAVIS:  Excuse me --

21             THE COURT:  No.  Sit down, please.  Why do you not

22   want to clear up your confusion, Mr. Johnson?

23             THE DEFENDANT:  I'm ready to get this over with.

24             THE COURT:  Well, I can't -- I can't let you get it

25   over with if you don't understand what's happening.  Do you

| | |
|---|---|
| 1 | think that's the right way to proceed is to let you get it |
| 2 | over with even though you do not understand what is happening? |
| 3 | THE DEFENDANT:  No, but -- |
| 4 | THE COURT:  All right.  Let me just -- Let me just |
| 5 | explain this to you and then you tell me if you understand |
| 6 | what I'm saying or you don't understand what I'm saying. |
| 7 | Do you understand that the range of punishment for |
| 8 | your offense begins at a minimum of 10 years in prison?  Do |
| 9 | you understand that? |
| 10 | THE DEFENDANT:  Yes, sir. |
| 11 | THE COURT:  All right.  And do you understand that on |
| 12 | the paper, Presentence Report, when they calculate the |
| 13 | Guidelines, the Guideline range for the amount of drugs you |
| 14 | had, criminal history you have, when they calculate that, it's |
| 15 | less than 10 years.  Do you understand that? |
| 16 | THE DEFENDANT:  Yes, sir. |
| 17 | THE COURT:  Now, do you understand that the law says |
| 18 | it doesn't matter what the Guidelines say, when the statute |
| 19 | says 10 years, you get 10 years, not a day less than 10 years, |
| 20 | even if your Guidelines say less than that.  Do you understand |
| 21 | that? |
| 22 | THE DEFENDANT:  Yes, sir. |
| 23 | THE COURT:  Okay.  And that's the situation you find |
| 24 | yourself in.  Do you understand that? |
| 25 | THE DEFENDANT:  Yes, sir. |

1        THE COURT:   That your Guidelines say less than 10

2   years.  Do you understand that?

3        THE DEFENDANT:  Yes, sir.

4        THE COURT:  Okay.  Now, the only way, the only way

5   for you to get less than 10 years in this case is for you to

6   work with Mr. McCarthy and for him to authorize you to get

7   less than 10 years.  I don't know if he will or not.  Sounds

8   as if he has made that offer to you, so the ball is in your

9   court.  Do you understand that?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  And the offer is for you to meet with

12   Mr. McCarthy or his designee, his agent or whomever, and for

13   them to talk to and for you to talk to them and for you to do

14   it honestly.  Do you understand that's the offer?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  And that, depending upon the results of

17   that meeting, he may be in a position to authorize me to

18   sentence you to less than 10 years.  I mean, you just heard

19   your mom and your other witness get up here and ask for

20   leniency.  You understand I have no leniency.  There's no

21   leniency I can give to you under the law.  The law says, as

22   you stand here today, you get 10 years in prison, period.  No

23   more real discussion.

24        But the only way for you to get less than 10 years,

25   the only way for me to have any ability to give you any

1   leniency is for you to meet with Mr. McCarthy.  Do you

2   understand that?

3         THE DEFENDANT:  Yes, sir.

4         THE COURT:  Do you have any questions at all?  Are

5   you confused about anything that I've said?

6         THE DEFENDANT:  No.

7         THE COURT:  Okay.  I'm going to reset your

8   sentencing.  I'm going to give you a chance to talk to

9   Mr. Rafuse and -- again, you don't -- you've already rejected

10  Mr. McCarthy's offer.  You don't have to.  I'm not forcing you

11  to do this at all.  It's your decision.  You are old enough to

12  make your decisions that affect your life and if you want to

13  reject it, I'm -- I'm ready to go forward just like you're

14  ready to go forward, but I can't go forward if you have been

15  laboring under confusion to this point and now that I've

16  cleared it up for you I don't feel that it is appropriate to

17  go forward today without giving you a chance to think about it

18  and to talk to Mr. Rafuse about your situation.

19        Do you understand?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  Okay.  Do you have any questions at all

22  from me at this time that I can clear up, because I -- we're

23  here and there's no reason for you to go back until you fully

24  understand the situation you find yourself in today.  And I'm

25  happy to spend whatever time it takes to try to get you to get

1    the information you need to understand.

2            Do you have any questions at all from me?  You have

3    no questions at all?

4            **THE DEFENDANT:**  No, sir.

5            **THE COURT:**  Okay.  Then we will reset this case.

6    Mr. Rafuse, I'll need you to file a notice on the docket after

7    you've had time to confer with your client and/or

8    Mr. McCarthy, if necessary, that would notify me that it's

9    time to set a new sentencing date.

10           **MR. RAFUSE:**  Your Honor, if in the event he does

11   change his mind, will I be permitted to file an amended

12   sentencing memorandum?

13           **THE COURT:**  Well, yes, but I -- I wouldn't file it.

14   I would wait until -- because, really, there's nothing for

15   you -- it really depends on Mr. McCarthy, more than anything

16   else.  But you can file whatever you want in advance, sure.

17           **MR. RAFUSE:**  Thank you, Your Honor.

18           **THE COURT:**  Okay.  Then we're in recess on this case.

19   And, Mr. Johnson, I want you to -- if you have any questions

20   at all, you tell Mr. Rafuse you need more explanation until

21   you fully understand.  Do you understand?

22           **THE DEFENDANT:**  Yes, sir.

23           **THE COURT:**  Okay.  Thank you, sir.  Good luck to you.

24       (Recess.)

25           **THE COURT:**  Okay.  I will re-call case number

1   3:12-cr-175, United States Walter Henry Johnson.

2          **MR. McCARTHY:**  Brandon McCarthy for the Government,

3   Your Honor.

4          **THE COURT:**  Okay.  Thank you, Mr. McCarthy.

5   Mr. Rafuse is here for Mr. Johnson.  Are you ready,

6   Mr. Rafuse?

7          **MR. RAFUSE:**  We're ready, Your Honor.

8          **THE COURT:**  Okay.  Very good.  If you and your client

9   will please come to the podium.

10         Mr. Johnson, we recess earlier today to give you time

11  to talk to Mr. Rafuse and to -- for him to provide you any

12  information that you may need to fully understand what it is

13  or where you find yourself and what it is that the Government

14  has offered you in terms of going forward and in -- in terms

15  of you -- your -- determining a sentence for you.  Do you

16  understand?

17         **THE DEFENDANT:**  Yes, sir.

18         **THE COURT:**  Do you understand now what the Government

19  was offering?

20         **THE DEFENDANT:**  Yes, sir.

21         **THE COURT:**  Okay.  And you do not wish -- it's my

22  understanding you do not wish to meet with the Government and

23  take them up on their offer.  Is that right?

24         **THE DEFENDANT:**  Yes, sir.

25         **THE COURT:**  You wish to go forward today?

```
1              THE DEFENDANT:  Yes, sir.
2              THE COURT:  And you understand that by going forward
3    today and not working with the Government you face a mandatory
4    sentence of at least 120 months which comes out --
5              THE WITNESS:  Yes, sir.
6              THE COURT:  -- to 10 years.
7              THE DEFENDANT:  Yes, sir.
8              THE COURT:  Do you understand that?
9              THE DEFENDANT:  Yes, sir.
10             THE COURT:  Do you understand I have no authority to
11   sentence you to any time less than 120 months?
12             THE DEFENDANT:  Yes, sir.
13             THE COURT:  And your sentence will be up there
14   towards the high -- the 120 months will be up there with
15   people with far more background and criminal history and that
16   sort of thing than you?
17             THE DEFENDANT:  Yes, sir.
18             THE COURT:  And that's what you ambitious to do
19   today?
20             THE DEFENDANT:  Yes, sir.
21             THE COURT:  Okay.  Very good then.  You appeared
22   before Magistrate Judge Roach on August 22, 2012, and pleaded
23   guilty to count one of the one count indictment charging you
24   with a violation of Title 21 you, United States Code, Section
25   846.  On that date he found that your plea of guilty was a
```

1    knowing and voluntary plea supported by an independent basis

2    in fact containing I'm of the essential elements of this

3    offense.  You told him at that time that you understood the

4    elements, agreed to the accuracy of the Factual Resume, and

5    admitted that you committed all of the essential elements of

6    this offense.

7           He recommended that I find you guilty and I accepted

8    his recommendation.  Your plea was taken pursuant to a plea

9    agreement and hitch reviewed that document and have determined

10   that it should be accepted.  Therefore, it is accepted and

11   your judgment and sentence will be consistent with it.

12          Mr. Rafuse, did you and your client receive in a

13   timely manner a copy of the Presentence Investigation Report?

14          MR. RAFUSE:  Yes, Your Honor.

15          THE COURT:  And did you carefully review that

16   document with your client?

17          MR. RAFUSE:  Yes.

18          THE COURT:  And the Government received it timely?

19          MR. McCARTHY:  Yes, sir, Your Honor.

20          THE COURT:  And there are no objections that we need

21   to take up that affect sentencing in this matter.  Is that

22   right?

23          MR. RAFUSE:  That's right, Your Honor.  No objection.

24          MR. McCARTHY:  No objections.

25          THE COURT:  In that case, I will adopt the fact

1    findings contained in the Presentence Report and the Addendum.

2    I adopt the Probation Officer's conclusions set forth in the

3    Presentence Report as to the appropriate Guideline

4    calculations and determine they are as follows:

5          A total offense level of 26, a Criminal History

6    Category of III.  A custody range of 120 months.  A supervised

7    release range of between 5 years and life.  A fine range of

8    between $12,500 and $10 million dollars.  And a mandatory

9    special assessment of $100.

10         Does the Government wish to be heard to sentencing?

11         **MR. McCARTHY:**  No, Your Honor.

12         **THE COURT:**  Mr. Rafuse?

13         **MR. RAFUSE:**  Your Honor, two witnesses previously

14    testified.  Mr. Johnson wants to give a brief statement to the

15    court as well.

16         **THE COURT:**  Very good.  Mr. Johnson, do you wish to

17    speak on your behalf or present any information in mitigation

18    of your sentence?

19         **THE DEFENDANT:**  Yes, sir.  I would just like to tell

20    my family that I'm sorry by putting them through all this pain

21    and stuff like that, you know.  I have no further more to say.

22         **THE COURT:**  Okay.  Thank you, Mr. Johnson.

23         I will now state the sentence determined pursuant to

24    Title 18 U.S.C. 3553 treating the Sentencing Guidelines as

25    advisory only.  In arriving at a reasonable sentence, I've

1  taken into account primarily the conduct admitted in Factual
2  Resume as well has those matters required to be considered by
3  3553.
4          The attorneys will have a final chance to make legal
5  objections before sentence is finally imposed.
6          It is the judgment of the Court that the defendant,
7  Walter Henry Johnson, is hereby committed to the custody of
8  the Federal Bureau of Prisons for a period of 120 months.
9          I do not order a fine.  It is ordered that he pay a
10 mandatory special assessment of $100.
11         It is ordered that upon his release from prison he be
12 placed on supervised release for a term of 5 years.
13         It is further ordered that upon his release from
14 prison he be placed -- he comply with the standard conditions
15 and contained in this judgment and comply the mandatory and
16 special conditions stated herein.
17         He shall not commit another federal state or local
18 crime.
19         He shall not illegally possess controlled substances.
20         He shall cooperate in the collection of DNA as
21 directed by the Probation Officer.
22         He shall not possess a firearm, ammunition,
23 destructive device, or any other dangerous weapon.
24         He shall report in person to the probation office in
25 the district to which he is released from the custody of the

1   Federal Bureau of Prisons within 72 hours of release.

2            He shall refrain from any unlawful use of a

3   controlled substance.

4            He shall submit to one drug test within 15 days of

5   release from prison and at least two periodic drug tests

6   thereafter as directed by the Probation Officer.

7            He shall provide to the Probation Officer any

8   requested financial information.

9            He shall participate in work force development

10  programs and services involving activities relating to

11  occupational and a career development including, but not

12  limited to, assessments and testing, educational instruction,

13  training classes, career guidance, counseling, case

14  management, and job search and retention services as directed

15  by the Probation Officer until successfully discharged from

16  the program.

17           He shall participate in a program approved by the

18  probation office for the treatment of narcotic drug and

19  alcohol dependency which will include the testing for the

20  detection of substance use or abuse.

21           He shall abstain from the use of alcohol and/or all

22  other intoxicants during and after completion of treatment.

23           He shall participate in mental health treatment

24  services as directed by the Probation Officer until

25  successfully discharged.  These services may include

1    medications prescribed by a licensed physician.

2            He shall participate in a domestic violence treatment

3    program, i.e. battered intervention program and anger

4    management program as directed by the Probation Officer until

5    successfully discharged.  He shall contribute to the cost of

6    services rendered at a rate of at least 5 per month.

7            He shall make all court ordered child support

8    payments on a timely basis, producing prove of payment to

9    Probation Officer within the first 5 days of each month

10   whether as part of a written report required by the Probation

11   Officer or otherwise.

12           I've now -- I believe this is the appropriate

13   sentence, given all the fact and circumstances, and this

14   sentence is sufficient but not greater than necessary to

15   comply with the statutory purposes of sentencing

16           I've now stated the sentence.  Is there any reason

17   from the Government why that sentence should not be imposed?

18           **MR. McCARTHY:**  No, Your Honor.

19           **THE COURT:**  From the defendant?

20           **MR. RAFUSE:**  No, Your Honor.

21           **THE COURT:**  Then I will order it imposed as stated.

22           Now, Mr. Johnson, to the extent you have the right to

23   appeal, you do have the right to apply for leave to appeal in

24   forma pauperis if you are unable to pay the cost of an appeal

25   and if you decide to appeal your notice of appeal must be

1    filed within 14 days.

2            Please talk Mr. Rafuse about your appellate rights

3    and he will give you his best professional judgment on how you

4    should proceed in this regard.

5            Is there anything else we should take up from the

6    Government?

7            MR. McCARTHY:  No, Your Honor.

8            THE COURT:  From the defense?

9            MR. RAFUSE:  Your Honor, he would request to be

10   confined near the Houston area where his father is living.

11           THE COURT:  Okay.  I will make that recommendation.

12   Mr. Johnson, I'll recommend that to the Bureau of Prisons but

13   they don't have to follow my recommendation if they choose not

14   to confine you there, that there's nothing anyone can do about

15   it, but I will make that recommendation.

16           THE DEFENDANT:  Thank you, sir.

17           THE COURT:  Anything further?

18           MR. RAFUSE:  Nothing further, Your Honor.

19           THE COURT:  We are in recess on this case.  Thank you

20   all for being here.

21

22

23

24

25

1     I, **DENVER B. RODEN**, United States Court Reporter for the

2    United States District Court in and for the Northern District

3    of Texas, Dallas Division, hereby certify that the above and

4    foregoing contains a true and correct transcription of the

5    proceedings in the above entitled and numbered cause.

6     **WITNESS MY HAND** on this 13th day of March, 2013.

7

8

9                          /s/ Denver B. Roden

10                     **DENVER B. RODEN, RMR**
*United States Court Reporter*

11                     1050 Lake Carolyn Parkway #2338
Irving, Texas  75039

12                     *drodenrmr@sbcglobal.net*
**Phone**:  (214) 753-2298

13

14

15

16

17

18

19

20

21

22

23

24

25