# IN THE UNITED STATES DISTRICT COURT

WALTER HENRY JOHNSON III,

Movant,

United States of America

Respondent,

Case No: 3:12-CR-175-O

In Re: United States Sentencing Guideline Manual app.C., amend. 794

## MOTION FOR APPOINTMENT OF COUNSEL

### (In light of Retroactive Amendment 3B1.2)

("AMENDMENT 794")

Movant, __Johnson__, appearing before this honorable court in "pro-se" capacity, requests appointment of counsel in light of the sentencing commission's recent "Minor Role" 3B1.2 Amendment, which was also made retroactive, because it is a clarifying amendment. **United States v Quintero-Leyva. 2016 WL 2865713 (9th Cir.2016)**

In support of the above-styled motion Movant states the following:

1) That he is the movant in the above styled captioned case;
2) He is currently serving a sentence of __120__ months in the federal penal system. Movant's offense being that of __Count One: 21 U.S.C. §846, Conspiracy to Possess with intent to Distribute More than 280 Grams of Cocaine Base__;
3) According to a thorough review of Movant's Presentence Investigation Report there is evidence that he had no role as a leadership or organizer during the commission of his offense;
4) Newly Retroactive 3B1.2 Amendment now states that "A defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain task should be considered" for the reduction, and "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." 1d.

1

The factors are:

a) The degree to which the defendant understood the scope and structure of the criminal activity;

b) The degree to which the defendant participated in planning or organizing the criminal activity;

c) The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

d) The nature and extent of the defendants' participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing these acts;

e) The degree to which the defendant stood to benefit from the criminal activity. U.S.S.G. 3B1.2, comment. n.1(c).

5) Movant accepted responsibility for the role he played in his current offense, which was not the Leader/Organizer. "Whether a defendant played a leadership or organizing role in an offense or acted as a minor player will have an impact on the offense level."

(See U.S.S.G. 3B1.1)

A review of Movants' Presentence Investigation Report will verify that his role was "minor" by any definition, and that he accepted responsibility for his actions.

## (Conclusion)

Movant respectfully moves this court to appoint counsel in light of the "Minor Role" 3B1.2 Amendment, as he may be entitled to the retroactive application of 3B1.2 Amendment made retroactive by the sentencing commission.

Respectfully Submitted;

*Walter H. Johnson III*

"Pro-Se Defendant"

2

Walter A. Johnson III 44679-177
P.O. Box 15330 federal correctional Institution
fort Worth, TX
76119



NORTH TEXAS TX P&DC
DALLAS TX 750
01 SEP 2016 PM 5 L

RECEIVED
SEP -9 2016
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

◇ 44679-177 ◇
Us Districtcourtclerk
# AM 203 Lamar ST
Wichita Falls, TX 76301
United States

LEGAL MAIL

Federal Correctional Institution
3150 Horton Rd.
Fort Worth, TX 76119
Date 9/1/16

This enclosed letter was processed through special mailing procedures for forwarding to you. This letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.